1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MICHAEL SENECA,                          CASE NO. 10CV2329 DMS (WVG)

12                          Plaintiff,        **ORDER DENYING MOTION TO
                                              REMAND TO STATE COURT**
         vs.
13                                            **AND GRANTING MOTION TO
                                              DISMISS**
     FIRST FRANKLIN FINANCIAL CORP., et
14   al.,

15                          Defendants.

16

17        Pending before the Court are a motion to dismiss by Defendants Home Loan Services, Inc.

18   ("HLS"), First Franklin Financial Corporation ("FFFC"), U.S. Bank, N.A. ("U.S. Bank"), and Bank

19   of America, N.A. ("Bank of America", together with HLS, FFFC, and U.S. Bank, collectively,

20   "Defendants"), and Plaintiff's motion to remand the action to state court.  For the following reasons,

21   Plaintiff's motion to remand is denied and Defendants' motion to dismiss is granted.

22                                             **I.**

23                                       **BACKGROUND**

24        In September, 2005, Plaintiff obtained a loan for $225,000.00 for the purchase of the subject

25   property from his mother.  (Complaint at 6.)  On June 22, 2006, Plaintiff sought to obtain an equity

26   loan on the property, but was instead convinced by his broker to refinance the loan in the amount of

27   $300,000.00.  (*Id.*)  In February 2007, Plaintiff contacted the same broker whom he had worked with

28   on the original loan and the refinancing, Defendant Mark Moore, to see about the possibility of a short-

1   term loan. (*Id.* at 6-7.) Defendant Moore responded to Plaintiff by suggesting that he could arrange

2   for a new loan with a lower interest rate and a lower monthly payment. (*Id.* at 7.) Defendant Moore

3   subsequently personally made a loan to Plaintiff so that he could make two missed payments on his

4   existing loan. (*Id.* at 8-9.) On February 23, 2007, Plaintiff signed documents to obtain a new loan in

5   the amount of $374,000.00, which was secured by a Note on the subject property. (*Id.* at 9, 15.)

6   Plaintiff assumed the terms of the loan would include a lower interest rate and a lower monthly

7   payment. (*Id.* at 9.) However, the new loan resulted in higher monthly payments. (*Id.* at 10.)

8       On October 12, 2010, Plaintiff filed a Complaint in San Diego Superior Court. On November

9   10, 2010, Defendants removed the action to this Court. (Doc. 1.) The Complaint sets forth ten claims

10  for relief: (1) fraud, (2) professional malpractice, (3) negligence, (4) violation of the Unfair

11  Competition Law ("UCL"), (5) violation of the Real Estate Settlement Procedures Act ("RESPA"),

12  (6) rescission under the Truth in Lending Act ("TILA"), (7) contractual rescission, (8) reformation,

13  (9) to quiet title, and (10) injunctive relief. On November 18, 2010, Defendants filed a motion to

14  dismiss the Complaint. (Doc. 3.) On December 7, 2010, Plaintiff filed a motion to remand the action.

15  (Doc. 5.) Objections and replies were filed by the parties to both of the motions. (Docs. 9-12.)

**II.**

**DISCUSSION**

18  **A.    Motion to Remand**

19      28 U.S.C. § 1446(b) states "[t]he notice of removal of a civil action or proceeding shall be filed

20  within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the

21  initial pleading setting forth the claim for relief upon which such action or proceeding is based." It

22  is undisputed that none of Defendants have been formally served with Plaintiff's state court

23  Complaint. Nonetheless, Defendants, who apparently received a courtesy copy of the Complaint,

24  removed the action to this Court on the basis of federal question jurisdiction. In his motion to remand,

25  Plaintiff argues removal was improper because this Court lacks personal jurisdiction over Defendants

26  who have not yet been served and because Defendants did not obtain the consent of all other

27  Defendants named in the Complaint, who have also not yet been served, prior to removal.

28      Notably, neither party cites to, and the Court has been unable to find, any case law addressing

1   the propriety of removal to Federal Court prior to service of the Complaint.  However, as Defendants

2   note, a party that voluntarily appears before a Court may waive lack of personal jurisdiction due to

3   defect in service by appearing generally without challenging the defect in a preliminary motion or in

4   a responsive pleading.  *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)("Jurisdiction

5   attaches if a defendant makes a voluntary general appearance.").  By their removal of this action,

6   Defendants have generally appeared before this Court and the removal was proper and timely.

7          Plaintiff also argues removal was improper because Defendants did not obtain the consent of

8   all other defendants named in the Complaint.  However, unserved defendants are not required to join

9   in a notice of removal.  *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429-30 (9th Cir.

10   1984), *superceded by statute on other grounds*.  Here, it is undisputed that the remaining defendants

11   named in the Complaint have not yet been served.  Accordingly, they were not required to join in the

12   notice of removal.

13          Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal

14   question. 28 U.S.C. § 1441.  Here, from the face of the Complaint, it is apparent that Plaintiff asserts

15   claims arising under the federal Real Estate Settlement Procedures Act and under the federal Truth in

16   Lending Act.   Therefore, removal was proper on the basis of federal question jurisdiction.

17   Furthermore, the Court may exercise supplemental jurisdiction over Plaintiff's state law claims

18   forming part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

19   **B.      Motion to Dismiss**

20          A party may move to dismiss a claim under Rule 12(b)(6) if the claimant fails to state a claim

21   upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  The Federal Rules require a pleading to

22   include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

23   R. Civ. P. 8(a)(2).  The Supreme Court, however, recently established a more stringent standard of

24   review for pleadings in the context of 12(b)(6) motions to dismiss.  *See Ashcroft v. Iqbal*, ___ U.S.

25   ___, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  To survive a motion

26   to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as

27   true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting

28   *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content

1  that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2  alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible

3  claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its

4  judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d

5  Cir. 2007)).

6          **1.**      **Agency Relationship**

7        As an initial matter, Defendants[1] argue Plaintiff's allegations of an agency relationship are

8  insufficient to support holding Defendants vicariously liable for the conduct of the broker defendants.

9  Plaintiff alleges First Franklin represented itself as being one in the same as the brokers during the loan

10  process. (Complaint at 13, 17, 18, 22, 27.)  Plaintiff alleges "Defendants Moore and FFFC worked

11  in unison representing themselves as one entity during the loan originating." (*Id.* at 13.)  In support

12  of this, Plaintiff points to the Disclosure of Right to Receive a Copy of an Appraisal, which lists FFFC

13  as the lender, with an address in San Jose, but then lists Ocean Mortgage, the brokerage company, with

14  an address in San Diego, as the contact for obtaining a copy of the appraisal.  (*Id.* at Ex. V.)  Plaintiff

15  further alleges "not only did the alliance between Defendants FFFC and Moore include undisclosed

16  (secret) compensation arrangements, but they, in unison, intentionally failed to provide numerous

17  consumer disclosures to the Plaintiff as required by each of them, most of which would have

18  duplicated the other party's pre-disclosure requirements." (*Id.* at 22.)  Although Plaintiff alleges an

19  agency relationship existed between FFFC and the brokers, he has not sufficiently alleged facts

20  indicating that FFFC gave the brokers authority to represent or bind FFFC or that FFFC took some

21  action, other than stating that a copy of the appraisal could be obtained from Ocean Mortgage, to give

22  Plaintiff the impression that an agency relationship existed.  *See Arias v. Capital One, N.A.*, No. C 10-

23  1123 MHP, 2011 WL 835610, at *4 (N.D. Cal. Mar. 4, 2011).  Accordingly, Plaintiff has not

24  sufficiently alleged the existence of an agency relationship to hold FFFC vicariously liable for the

25  actions of the broker defendants.

26

27        [1]     In support of their motion to dismiss, Defendants request the Court to take judicial
notice of the Notice of Default and Election to Sell Under Deed of Trust.  As this document is a matter

28  of public record subject to judicial notice under Federal Rule of Evidence 201, Defendants' request
for judicial notice is granted.

1   Plaintiff further alleges "[a]s subsequent servicer and/or holders of the note, Defendants U[S]

2   Bank, BofA, & HLS are party to Defendants Moore, Nowak, and FFFC's scheme, its benefits and

3   liabilities, by accepting the note and associated documents, which on the[ir] face show that pertinent

4   and critical dates and information [were] omitted and/or not timely produced to the Plaintiff . . . ."

5   (Complaint at 26.)  As Plaintiff does not allege an agency relationship between Defendants HLS, U.S.

6   Bank, or Bank of America and the brokers, the claims against these Defendants must be supported by

7   allegations of conduct by Defendants themselves and not merely allegations of conduct by the brokers.

8   **2.   Fraud**

9   FFFC moves to dismiss Plaintiff's claim for fraud and deceit as to it.  Federal Rule of Civil

10  Procedure 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances

11  constituting fraud or mistake" and is applied by a federal court to both federal law and state law

12  claims.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-03 (9th Cir. 2003).  A pleading will be

13  "sufficient under Rule 9(b) if it identifies the circumstances of the alleged fraud so that the defendant

14  can prepare an adequate answer." *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995)(quotation

15  omitted).  The same is true for allegations of fraudulent conduct.  *Vess*, 317 F.3d at 1103-04.  In other

16  words, fraud allegations must be accompanied by "the who, what, when, where, and how" of the

17  misconduct charged.  *Id.* at 1106 (quotations omitted).  The elements of a fraud claim are false

18  representation, knowledge of falsity, intent to defraud, justifiable reliance, and damages.  *Id.*

19  (quotations omitted).  Plaintiff here has failed to sufficiently allege a claim for fraud or deceit as to

20  FFFC and states in his opposition that the allegations of fraud may be improved through amendment.

21  Accordingly, the motion to dismiss this claim is granted without prejudice.

22  **3.   Professional Malpractice and Negligence**

23  Defendants move to dismiss the professional malpractice and negligence claims against them.

24  Generally, "a financial institution owes no duty of care to a borrower when the institution's

25  involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender

26  of money." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991).

27  Defendants argue there are no allegations that they exceeded the scope of the conventional role as

28  money lenders.  FFFC further argues, even if Plaintiff has alleged a duty owed by FFFC, any claim for

1  negligence is barred by the two-year statute of limitations contained in California Code of Civil

2  Procedure § 335.1 because "all acts alleged to have constituted negligence relate to the consummation

3  of the Loan, and therefore, any such negligent conduct occurred in February 2007, more than three

4  years before the Complaint was filed." (MTD at 8.)  As to Plaintiff's claim for professional

5  malpractice, Defendants argue Plaintiff makes no allegations with respect to it and it should therefore

6  be dismissed.

7  Plaintiff argues FFFC was more than a mere lender of money in this transaction and maintained

8  a financial enterprise with the brokers.  However, Plaintiff states that these claims need to be amended

9  to be more clearly presented and requests leave to amend.  Accordingly, the motion to dismiss is

10  granted without prejudice as to Plaintiff's claims for negligence and professional malpractice.

11  **4.  UCL**

12  To bring a claim under the UCL, Plaintiff must allege that Defendants engaged in an "unlawful,

13  unfair or fraudulent business act or practice [or] unfair, deceptive, untrue or misleading advertising

14  [or] any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the

15  Business and Professions Code." Cal. Bus. & Prof. Code § 17200.  Defendants argue Plaintiff's UCL

16  claim is inadequately pled and is supported only by conclusory allegations and allegations of conduct

17  by the brokers.  Defendants further argue Plaintiff has not alleged an entitlement to a form of relief

18  permissible under the UCL–restitution or injunctive relief.  *See* Cal. Bus. & Prof. Code § 17203.  As

19  Plaintiff has failed to sufficiently allege any unlawful, unfair, or fraudulent business practice by

20  Defendants, and as Defendant states in his opposition that this claim needs to be amended to be more

21  clearly presented and requests leave to amend, the motion to dismiss this claim is granted without

22  prejudice.

23  **5.  RESPA**

24  FFFC and HLS move to dismiss Plaintiff's claim for violation of RESPA.  Plaintiff alleges his

25  September 8, 2009 and September 21, 2009 letters, attached as exhibits O and P to the Complaint,

26  were valid Qualified Written Requests ("QWR") pursuant to RESPA and that HLS responded by

27  providing only a Transaction Posting History and FFFC did not respond at all, in violation of 12

28  U.S.C. § 2605.  (Complaint at 11-12, 29-30.)  Defendants argue Plaintiff's claim for violation of §

1  2605 cannot stand because the written documents sent by Plaintiff did not constitute QWRs within the

2  meaning of 12 U.S.C. § 2605(e)(1) because they related to the origination, rather than the servicing

3  of the loan, and did not state Plaintiff's reasons for believing the account was in error.  The statute

4  defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the

5  terms of any loan . . . and making the payments of principal and interest and such other payments with

6  respect to the amounts received from the borrower as may be required pursuant to the terms of the

7  loan." 12 U.S.C. § 2605(i)(3).  Plaintiff argues HLS, as the loan servicer, should have provided him

8  with information regarding who was in possession of the Deed of Trust in response to his alleged

9  QWR.  However, as the documents submitted by Plaintiff as exhibits to the Complaint and the

10  Complaint itself show HLS timely responded to the only request made in Plaintiff's letter regarding

11  the servicing of the loan, Plaintiff has not sufficiently alleged facts to state a plausible claim for

12  violation of RESPA and the motion to dismiss this claim is granted without prejudice.

13  　　　6.　　TILA

14  　　　Plaintiff asserts his right to rescind under TILA was extended from three days to three years

15  because he was given a blank Notice of Right to Cancel form. *See* 15 U.S.C. § 1635(f).  Defendants

16  argue Plaintiff's claim for rescission is time-barred because the violation occurred when Plaintiff

17  entered into the loan agreement, which was more than three years before the filing of this suit.

18  Defendants further argue "[t]he fact that Plaintiff claims that he sent the lender notice of his intent to

19  rescind the loan within the three-year period is immaterial, and his failure to file a claim within that

20  period results in a loss of his right to rescind the loan under TILA." (MTD at 12.)  Defendants further

21  argue, even if the TILA rescission claim is not time-barred, Plaintiff has failed to allege he can tender

22  the loan proceeds.

23  　　　The three-year period for rescission under TILA is an absolute statute that is not subject to

24  tolling. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412-13 (1998); *King v. California*, 784 F.2d 910,

25  914 (9th Cir. 1986).  Here, Plaintiff entered into the final loan agreement on February 23, 2007, but

26  did not file the instant action until October 12, 2010.  Plaintiff argues his claim for rescission under

27  TILA was timely filed with the Bankruptcy Court on November 30, 2009, but was dismissed by that

28  court for lack of jurisdiction.  Regardless, in *Yamamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir.

1    2003), the Ninth Circuit held that courts have "'discretion to condition rescission on tender by the

2    borrower of the property he ha[s] received from the lender.'" *Id.* at 1171 (quoting *Ljepava v. M.L.S.C.*

3    *Props., Inc.*, 511 F.2d 935, 944 (9th Cir. 1975)).  This Court has adopted that approach in other cases,

4    *see Tiqui v. First National Bank of AZ*, No. 09cv1750 BTM (BLM), 2010 WL 1345381, at *4 (S.D.

5    Cal. Apr. 5, 2010); *Cook v. Wells Fargo Bank*, No. 09cv2757 WQH (NLS), 2010 WL 1289892, at *4-5

6    (S.D. Cal. Mar. 26, 2010); *Greetis v. National City Mortgage*, No. 09cv1502 JM (JMA), 2010 WL

7    695536, at *4-5 (S.D. Cal. Feb. 24, 2010), and this Court finds the reasoning of those cases persuasive.

8    As Plaintiff has not alleged an ability to tender in the Complaint, the motion to dismiss this claim is

9    granted without prejudice.

10          **7.      Rescission**

11          Plaintiff states a claim for rescission of the mortgage contract on the basis of duress, menace,

12   fraud, and undue influence with respect to the origination of the contract.  Defendants argue the

13   Complaint does not contain sufficient allegations to support rescission on any of these bases.  Plaintiff

14   argues he had no choice but to accept any loan put in front of him in order to repay the personal loan

15   made to him by the broker, and this constituted undue duress and fraud.  Plaintiff has not sufficiently

16   alleged facts stating a plausible claim for relief as to rescission of the contract based upon undue duress

17   or fraud.  Accordingly, the motion to dismiss this claim is granted without prejudice.

18          **8.      Reformation**

19          "When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the

20   other at the time knew or suspected, a written contract does not truly express the intention of the

21   parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far

22   as it can be done without prejudice to rights acquired by third persons, in good faith and for value."

23   Cal. Civ. Code § 3399.  U.S. Bank argues Plaintiff has not stated what his purported true intentions

24   were or what the terms of the contract should be reformed to.  Plaintiff alleges "the Broker/Agent and

25   Lender did not disclose the terms and conditions for repayment, interest, or annual percentage rate

26   prior to obtaining Plaintiff's signature upon the deed of trust, and the Plaintiff was not informed at any

27   time what the terms and conditions were contained in the loan produced by the Lender. . . . [T]he loan

28   documents which were executed did not truly express the intention of Plaintiff, more particularly that

1   the loan would have a repayment schedule that Plaintiff could afford." (Complaint at 32.)  However,

2   Plaintiff has not sufficiently alleged facts supporting a claim for reformation of the contract and the

3   motion to dismiss this claim is granted without prejudice.

4           **9.**     **Quiet Title**

5         To state a claim to quiet title, the complaint must be verified and a plaintiff must include a

6   description of the subject property, the title of the plaintiff as to which determination is sought and the

7   basis of the title, the claims adverse to the title, the date as of which the determination is sought, and

8   a prayer for determination of the title against the adverse claims. Cal. Code Civ. Proc. § 761.020. U.S.

9   Bank, Bank of America, and HLS move to dismiss this claim on the basis that Plaintiff has not alleged

10  his title or the basis thereof, adverse claims to the title that are being asserted by U.S. Bank, Bank of

11  America, or HLS, or the date as of which title is to be determined. Defendants further argue Plaintiff

12  has failed to allege tender to support a claim for quiet title. As Plaintiff has failed to allege each of the

13  elements of a claim to quiet title, the motion to dismiss this claim is granted without prejudice.

14          **10.**   **Injunctive Relief**

15        As Defendants point out, injunctive relief is a remedy, rather than a claim for relief, and a party

16  seeking preliminary injunctive relief must proceed with a separate noticed motion. Fed. R. Civ. P.

17  65(a). Accordingly, the motion to dismiss Plaintiff's claim for injunctive relief is granted. However,

18  Plaintiff may request injunctive relief as a remedy.

19  **C.**    **Motion to Strike**

20        Defendants also move to strike Plaintiff's requests for damages for emotional distress, for

21  monetary damages in connection with his UCL claim, and for punitive damages under Rule 12(f).

22  Fed. R. Civ. P. 12(f)("The court may strike from a pleading any insufficient defense or any redundant,

23  immaterial, impertinent, or scandalous matter."). As "no one may recover damages under [§17200],"

24  the Court grants Defendants' motion to strike Plaintiff's request for damages in connection with his

25  UCL claim. *See Californians For Disability Rights v. Mervyn's, LLC*, 39 Cal.4th 223, 232 (2006);

26  *see Kasky v. Nike, Inc*., 27 Cal.4th 939, 950 (2002)(civil penalties are not available to private plaintiffs

27  in a §17200 claim). The Court declines to exercise its discretion to strike the remaining requests from

28  the Complaint at this stage.

## III.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is denied and Defendants' motion to dismiss is granted without prejudice.  Plaintiff may file an amended Complaint on or before May 2, 2011.

**IT IS SO ORDERED.**

DATED:  April 5, 2011

HON. DANA M. SABRAW
United States District Judge

10cv2329