1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**
9                         **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   MICHAEL SENECA,                              CASE NO. 10CV2329 DMS (WVG)
12                           Plaintiff,           **ORDER GRANTING IN PART**
                vs.                               **AND DENYING IN PART**
13                                                **MOTION TO DISMISS**
     FIRST FRANKLIN FINANCIAL CORP., et
14   al.,
15                           Defendants.
16
17        Pending before the Court is a motion to dismiss Plaintiff's First Amended Complaint ("FAC")
18   by Defendants Home Loan Services, Inc. ("HLS"), First Franklin Financial Corporation ("FFFC"),
19   U.S. Bank, N.A. ("U.S. Bank"), and Bank of America, N.A. ("Bank of America", together with HLS,
20   FFFC, and U.S. Bank, collectively, "Defendants").  For the following reasons, Defendants' motion to
21   dismiss is granted in part and denied in part.
22                                        **I.**
23                                   **BACKGROUND**
24        In September, 2005, Plaintiff obtained a loan for $225,000.00 for the purchase of the subject
25   property from his mother.  (FAC at 6.)  On June 22, 2006, Plaintiff sought to obtain an equity loan on
26   the property, but was instead convinced by his broker to refinance the loan in the amount of
27   $300,000.00.  (*Id.*)  In February 2007, Plaintiff contacted the same broker whom he had worked with
28   on the original loan and the refinancing, Defendant Mark Moore, to see about the possibility of a short-

term loan.  (*Id.* at 6-7.)  Defendant Moore responded to Plaintiff by suggesting that he could arrange for a new loan with a lower interest rate and a lower monthly payment.  (*Id.* at 7.)  Defendant Moore subsequently personally made a loan to Plaintiff so that he could make two missed payments on his existing loan. (*Id.* at 8-9.)  On February 23, 2007, Plaintiff signed documents to obtain a new loan in the amount of $374,000.00, which was secured by a Note on the subject property.  (*Id.* at 9-10, 15.) Plaintiff assumed the terms of the loan would include a lower interest rate and a lower monthly payment. (*Id.* at 9.)  However, the new loan resulted in higher monthly payments.  (*Id.* at 10-11.)

On October 12, 2010, Plaintiff filed a Complaint in San Diego Superior Court.  On November 10, 2010, Defendants removed the action to this Court. (Doc. 1.)  On April 5, 2011, the Court issued an Order granting Defendants' motion to dismiss the Complaint and granting Plaintiff leave to file a FAC by May 2, 2011, which he did.  (Docs. 14, 16.)  The FAC sets forth eight claims for relief: (1) fraud and deceit as to FFFC, (2) fraud and deceit as to other Defendants Moore, Nowak, and Ocean, (3) negligence, (4) professional malpractice and negligence, (5) violation of California Business and Professions Code § 17200, (6) rescission pursuant to the Truth in Lending Act ("TILA"), (7) contractual rescission, and (8) reformation.  On May 19, 2011, Defendants filed a motion to dismiss the claims against them in the FAC.  (Doc. 18.)  Plaintiff filed an opposition to the motion and Defendants filed a reply.  (Docs. 20, 22.)

## II.

## LEGAL STANDARD

A party may move to dismiss a claim under Rule 12(b)(6) if the claimant fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  The Federal Rules require a pleading to include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court, however, recently established a more stringent standard of review for pleadings in the context of 12(b)(6) motions to dismiss.  *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).

**III.**

**DISCUSSION**

**A.    Standing**

As an initial matter, Defendants argue Plaintiff lacks standing to assert the claims in the FAC because he is not the real party in interest. Fed. R. Civ. P. 17(a)(1)("An action must be prosecuted in the name of the real party in interest."). Plaintiff filed Chapter 7 bankruptcy in August 2009 and was granted a discharge on December 1, 2009. (RJN Exs. 1-2.)[1] The filing of a petition for bankruptcy creates a bankruptcy estate. 11 U.S.C. § 541(a); *In re Freidman*, 220 B.R. 670, 671 (9th Cir. BAP 1998). Any "legal and equitable interests of the debtor in property as of the commencement of the case" become property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). Legal claims that accrued before the filing of the bankruptcy petition, as Plaintiff's claims did, are property that become part of the bankruptcy estate. *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707-09 (9th Cir. 1986); *Hernandez v. Downey Sav. & Loan Ass'n*, No. 08cv2336 IEG (LSP), 2009 WL 704381, at *3-4 (S.D. Cal. Mar. 17, 2009)(claims accrued for bankruptcy purposes when they could have been brought); *Cain v. Hyatt*, 101 B.R. 440, 441-42 (E.D. Pa. 1989).

Where a claim asserted in a lawsuit is the property of the bankruptcy estate, the Chapter 7 trustee is the real party in interest under the Bankruptcy Code and is the proper party to the suit. Accordingly, unless the trustee has abandoned the claim to the debtor, the debtor does not have standing to bring the claim. *Hernandez*, 2009 WL 704381, at *4. When a legal claim is properly scheduled as property in a bankruptcy proceeding pursuant to 11 U.S.C. § 521(a)(1), it may be

---

[1] In support of their motion to dismiss, Defendants request the Court to take judicial notice of documents filed in Plaintiff's bankruptcy proceeding and the Notice of Default and Election to Sell Under Deed of Trust, which is recorded in the Official Records of San Diego County. As these documents are matters of public record subject to judicial notice under Federal Rule of Evidence 201, Defendants' request for judicial notice is granted.

expressly abandoned by the trustee, 11 U.S.C. § 554(a), (b), or it may implicitly abandoned if not otherwise administered at the time of the closing of the bankruptcy case, 11 U.S.C. § 554(c). Claims that are not properly scheduled remain property of the bankruptcy estate, even after the court discharges the debt. 11 U.S.C. § 554(d)("Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remain property of the estate."). Plaintiff argues his claims were properly scheduled and the bankruptcy trustee abandoned the claims, thereby entitling him to bring the claims and making him the real party in interest in this action. Plaintiff did not in fact list his legal claims stated in the FAC on the schedule or amended schedule filed with the Bankruptcy Court, but Plaintiff points to an amended Chapter 7 Individual Debtor's Statement of Intention, in which he stated he intended to rescind the loan on his real property as to First Franklin Loan Services. (RJN Ex. 3 at 8.) Plaintiff also points to the Trustee's Notice of Proposed Abandonment of Property. (Opp. Ex. A.) However, the Notice merely states that the bankruptcy trustee intended to abandon Plaintiff's real property because there was little or no equity in the property and preservation of the asset was burdensome to the bankruptcy estate; it says nothing of abandonment of Plaintiff's stated legal claims arising from transactions concerning that real property. (*Id.*; RJN Ex. 7 ("The trustee in bankruptcy–the real party in interest–abandoned the realty (although not these causes of action since they were never properly scheduled) on 2/10/10.").)

Moreover, Plaintiff asserted the claims he asserts in the FAC in a prior adversary proceeding before the Bankruptcy Court. (RJN Ex. 5; FAC at 5 ("The Plaintiff previously brought this claim for relief against these same Defendants before the Federal Bankruptcy Court. The Bankruptcy Court did not review or comment on the pleadings from either party, and instead dismissed the case stating that it did not have jurisdiction.").) In that proceeding, the Bankruptcy Court issued an Order, which incorporated its prior tentative ruling, holding (1) Plaintiff's TILA and RESPA claims were not scheduled and no amendment to the schedules listed the claims as assets; (2) the trustee was the real party in interest and had not abandoned Plaintiff's claims because they were never properly scheduled; and (2) the trustee is the only party with standing to assert the claims. (RJN Ex. 7.) The Court agrees with these conclusions. Accordingly, the Court finds Plaintiff is not the real party in interest in this action and does not have standing to assert the claims stated in his FAC. Nonetheless, "[t]he court

1  may not dismiss an action for failure to prosecute in the name of the real party in interest until, after

2  an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be

3  substituted into the action." Fed. R. Civ. P. 17(a)(3).  Accordingly, the Court provides a period of

4  sixty days from the entry of this Order for the bankruptcy trustee to substitute in as the real party in

5  interest in this action.  If such substitution is not made within sixty days, the action will be dismissed.

6  **B.     Claims**

7       Even if Plaintiff substitutes in the bankruptcy trustee, Defendants argue Plaintiff's claims

8  should be dismissed for failure to state a claim on which relief can be granted.  The Court therefore

9  addresses each of Plaintiff's claims against Defendants.

10      **1.     Fraud**

11      Federal Rule of Civil Procedure 9(b) requires a party alleging fraud or mistake to "state with

12  particularity the circumstances constituting fraud or mistake" and is applied by a federal court to both

13  federal law and state law claims.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-03 (9th Cir.

14  2003).  A pleading will be "sufficient under Rule 9(b) if it identifies the circumstances of the alleged

15  fraud so that the defendant can prepare an adequate answer." *Fecht v. Price Co.*, 70 F.3d 1078, 1082

16  (9th Cir. 1995)(quotation omitted).  The same is true for allegations of fraudulent conduct. *Vess*, 317

17  F.3d at 1103-04.  In other words, fraud allegations must be accompanied by "the who, what, when,

18  where, and how" of the misconduct charged. *Id.* at 1106 (quotations omitted).  The elements of a fraud

19  claim are false representation, knowledge of falsity, intent to defraud, justifiable reliance, and

20  damages. *Id.* (quotations omitted).  Plaintiff alleges that FFFC and Defendant Moore misrepresented

21  to Plaintiff that he qualified for the loan he was receiving and could afford the payments under it,

22  failed to provide the requisite disclosures, and had Plaintiff sign blank loan documents.  (FAC at 19,

23  23-24.)  However, Plaintiff does not plead any factual allegations as to misrepresentations made by

24  FFFC, as opposed to Defendant Moore, with the requisite particularity.  Plaintiff also alleges FFFC

25  misrepresented to Plaintiff that it possessed a completed Notice of Right to Cancel by subsequently

26  filling in dates that had previously been left blank, but Plaintiff does not allege that he relied upon such

27  misrepresentation in any way or that he was damaged by it. (FAC at 24.)  As to the other Defendants,

28  Plaintiff merely alleges they became liable "by accepting the note and associated documents, which

1   on [their] face show that pertinent and critical dates and information was omitted . . . ." (FAC at 24.)

2   Plaintiff has failed to sufficiently allege a claim for fraud or deceit as to FFFC or the other Defendants.

3   Accordingly, the motion to dismiss this claim is granted.

4       **2.      Negligence**

5       To establish negligence, a plaintiff must show that a defendant had a legal duty to use due care,

6   the defendant breached that duty, and the breach was the legal and proximate cause of plaintiff's

7   injury.  *See USAir, Inc. v. U.S. Dep't of Navy*, 14 F.3d 1410, 1412 (1994).  Generally, "a financial

8   institution owes no duty of care to a borrower when the institution's involvement in the loan

9   transaction does not exceed the scope of its conventional role as a mere lender of money."  *Nymark*

10  *v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991).  Defendants argue there are

11  no allegations that they exceeded the scope of their conventional role as money lenders.  FFFC further

12  argues, even if Plaintiff has alleged a duty owed by FFFC, any claim for negligence is barred by the

13  two-year statute of limitations contained in California Code of Civil Procedure § 335.1 because "all

14  acts alleged to have constituted negligence relate to the consummation of the Loan, and therefore, any

15  such negligent conduct occurred in February 2007, more than three years before the Complaint was

16  filed."  (MTD at 11.)  Plaintiff argues he has sufficiently alleged FFFC was more than a mere lender

17  of money in this transaction because Defendant Moore informed him FFFC could provide a loan on

18  favorable terms, FFFC provided a loan that Plaintiff was not qualified for, FFFC failed to provide

19  required disclosures, and FFFC maintained a financial enterprise with the brokers.  These allegations

20  do not provide sufficient factual detail to state a plausible claim that FFFC was acting as more than

21  a lender of money in connection with Plaintiff's loan.  Accordingly, the motion to dismiss is granted

22  as to Plaintiff's claim for negligence.

23      **3.      UCL**

24      To bring a claim under the UCL, Plaintiff must allege that Defendants engaged in an "unlawful,

25  unfair or fraudulent business act or practice [or] unfair, deceptive, untrue or misleading advertising

26  [or] any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the

27  Business and Professions Code."  Cal. Bus. & Prof. Code § 17200.  Defendants argue Plaintiff's UCL

28  claim is inadequately pled and is supported only by conclusory allegations and allegations of conduct

1   by the brokers.  Defendants further argue Plaintiff has not alleged an entitlement to a form of relief

2   permissible under the UCL–restitution or injunctive relief.  *See* Cal. Bus. & Prof. Code § 17203.  In

3   support of his claim for violation of the UCL, Plaintiff relies on his allegations of conduct by FFFC

4   and the brokers stated in support of his claims for fraud and negligence.  For the reasons stated above,

5   Plaintiff has not alleged sufficient factual detail to state a plausible claim of an unlawful, unfair, or

6   fraudulent business practice by Defendants, and the motion to dismiss this claim is granted.

7       **4.   TILA**

8       Plaintiff asserts his right to rescind under TILA was extended from three days to three years

9   because he was given an incomplete Notice of Right to Cancel form.  *See* 15 U.S.C. § 1635(f).

10  Defendants argue Plaintiff's claim for rescission under TILA is time-barred because the violation

11  occurred when Plaintiff entered into the loan agreement, which was more than three years before the

12  filing of this suit.  Defendants further argue "[t]he fact that Plaintiff claims that he sent the lender

13  notice of his intent to rescind the loan within the three-year period is immaterial, and his failure to file

14  a claim within that period results in a loss of his right to rescind the loan under TILA."  (MTD at 12.)

15      The three-year period for rescission under TILA is an absolute statute that is not subject to

16  tolling.  *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412-13 (1998); *King v. California*, 784 F.2d 910,

17  914 (9th Cir. 1986).  Here, Plaintiff entered into the final loan agreement on February 23, 2007, and

18  sent timely notices of his intent to rescind the loan to Defendants, but did not file the instant action

19  until October 12, 2010.  Plaintiff argues his claims for rescission and for damages for Defendants'

20  refusal to rescind the loan under TILA were timely filed with the Bankruptcy Court on November 30,

21  2009 and that the instant action was filed within a year of Defendant FFFC's refusal to rescind.  *See*

22  15 U.S.C. § 1640.  The Court finds such allegations sufficient to survive at the motion to dismiss

23  stage.

24      Defendants also argue this claim should be dismissed because Plaintiff has failed to allege

25  sufficient facts to demonstrate his allegation of ability to tender is credible.  In *Yamamoto v. Bank of*

26  *New York*, 329 F.3d 1167 (9th Cir. 2003), the Ninth Circuit held that courts have "'discretion to

27  condition rescission on tender by the borrower of the property he ha[s] received from the lender.'"  *Id.*

28  at 1171 (quoting *Ljepava v. M.L.S.C. Props., Inc.*, 511 F.2d 935, 944 (9th Cir. 1975)).  Here, the Court

1   finds Plaintiff's allegation of his ability to tender in the FAC sufficient at this stage in the proceedings

2   and therefore denies the motion to dismiss this claim on this basis.  (FAC at 32.)

3       **5.      Rescission**

4       Plaintiff states a claim for rescission of the mortgage contract on the basis of duress, menace,

5   fraud, and undue influence with respect to the origination of the contract.  Defendants argue the FAC

6   does not contain sufficient allegations to support rescission on any of these bases.  Plaintiff argues he

7   had no choice but to accept any loan put in front of him in order to repay the personal loan made to

8   him by Defendant Moore, and this constituted undue duress and fraud.  Plaintiff has not sufficiently

9   alleged facts stating a plausible claim for relief as to rescission of the contract based upon undue duress

10  or fraud.  Accordingly, the motion to dismiss this claim is granted.

11      **6.      Reformation**

12      "When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the

13  other at the time knew or suspected, a written contract does not truly express the intention of the

14  parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far

15  as it can be done without prejudice to rights acquired by third persons, in good faith and for value."

16  Cal. Civ. Code § 3399.  U.S. Bank argues Plaintiff has not stated what his purported true intentions

17  were or how the terms of the contract should be reformed.  Plaintiff alleges "the Broker/Agent and

18  Lender did not disclose the terms and conditions for repayment, interest, or annual percentage rate

19  prior to obtaining Plaintiff's signature upon the deed of trust, and the Plaintiff was not informed at any

20  time what the terms and conditions were contained in the loan produced by the Lender. . . . [T]he loan

21  documents which were executed did not truly express the intention of Plaintiff, more particularly that

22  the loan would have a repayment schedule that Plaintiff could afford." (FAC at 34.)  These allegations

23  lack sufficient factual detail to support a claim for reformation of the contract and the motion to

24  dismiss this claim is granted.

25      **7.      Quiet Title and Injunctive Relief**

26      Although Plaintiff included headings for claims to quiet title and for injunctive relief in the

27  FAC, he asked that those claims "remain moot." (FAC at 35-36.)  Plaintiff acknowledges that he "did

28  not bring claims for Quiet Title and Injunctive Relief, in the First Amended Complaint." (Opp. at 16.)

1  Accordingly, Defendants' motion to dismiss these claims is denied as moot.

2  **C.      Motion to Strike**

3        Defendants also move to strike Plaintiff's requests for damages for emotional distress and for

4  punitive damages under Rule 12(f).  Fed. R. Civ. P. 12(f)("The court may strike from a pleading any

5  insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").  The Court

6  declines to exercise its discretion to strike these requests from the FAC at this stage.

7  **IV.**

8  **CONCLUSION**

9        For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part.

10  Should the bankruptcy trustee be substituted in as the real party in interest within sixty days of entry

11  of this Order, the trustee may file an amended Complaint consistent with this Order within thirty days

12  of its substitution.  If the bankruptcy trustee is not substituted in, this action will be dismissed.

13        **IT IS SO ORDERED.**

14  DATED:  July 28, 2011

15

16                  HON. DANA M. SABRAW

17                  United States District Judge

18

19

20

21

22

23

24

25

26

27

28

10cv2329